**Petition for Writ of Mandamus Conditionally Granted and Opinion filed November 2, 2012.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-12-00456-CV

———————

## IN RE USA WASTE MANAGEMENT RESOURCES, L.L.C., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-21596**

---

# O P I N I O N

On May 11, 2012, relator, USA Waste Management Resources, L.L.C., filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asked this court to compel the Honorable Jaclanel McFarland, presiding judge of the 133rd District Court of Harris County, to vacate her ruling denying Waste Management's motion for protection and to enter an order granting the motion. The real party in interest, Royda Jennings, has filed a response. Waste Management subsequently filed a reply. We conditionally grant the writ.

BACKGROUND

Waste Management seeks an order granting protection from the disclosure of communications between its outside counsel and its former employee Jennings. The communications occurred on July 14, 2010, before Jennings gave a deposition in a different lawsuit against Waste Management -- the *Armstrong* lawsuit. The complained-of order denied the motion for protection of those communications. Waste Management asserts the communications are privileged. *See* Tex. R. Evid. 503.

Armstrong was fired by Waste Management for making threats. In connection with its investigation into the Armstrong situation, Waste Management discussed with Jennings whether or not she had heard Armstrong make those threats. According to Waste Management, Jennings confirmed the threats to Waste Management's in-house attorney, Kimberly Gee Stith. Armstrong sued for wrongful termination.

Jennings was deposed in the *Armstrong* lawsuit on July 15, 2010. Before her deposition, Jennings met with Shauna Johnson Clark, outside counsel retained to defend Waste Management against Armstrong's claims. It is this conversation with Clark that is at issue in this mandamus. Jennings was deposed and stated that she did not hear the threats. According to Waste Management, they ultimately discharged Jennings in February 2011 for providing contradictory statements -- the statement to Stith versus the deposition testimony.

Jennings brought a *Sabine Pilot*[1] lawsuit against Waste Management claiming she was discharged after she refused to commit perjury at Clark's urging. She filed a no-evidence motion for summary judgment and attached her affidavit in which she discloses the alleged conversation between Clark and her on July 14, 2010. Waste Management moved to protect Jennings's disclosure of her conversation with Clark. Waste Management argued that because Jennings met with Clark in the scope of her employment and the confidential communications made during this meeting were necessary for Waste Management to obtain

---

[1] In *Sabine Pilot Service, Inc. v. Hauck,*, the Supreme Court of Texas recognized a narrow exception to the employment-at-will doctrine for an employee who is discharged for the sole reason that the employee refused to perform an illegal act. 687 S.W.2d 733, 735 (Tex. 1985).

legal services and advice in a pending lawsuit, the communications are protected from disclosure by the attorney-client privilege. The trial court denied the motion and Waste Management sought mandamus relief.

## STANDARD OF REVIEW

To be entitled to mandamus relief a relator generally must show that the trial court abused its discretion and that there is no adequate remedy at law, such as by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). On mandamus review of factual issues, a trial court will be held to have abused its discretion if the party requesting mandamus relief establishes that the trial court could have reached but one decision (and not the decision it made). *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985); *In re ExxonMobil Corp.*, 97 S.W.3d 353, 356 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). Mandamus review of issues of law is not deferential. A trial court abuses its discretion if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *See In re Cerberus Capital Mgmt.*, 164 S.W.3d 379, 382 (Tex. 2005); *In re ExxonMobil Corp.*, 97 S.W.3d at 356. Because the erroneous disclosure of privileged information will materially affect relator's rights, relator does not have an adequate remedy by appeal. *See Walker,* 827 S.W.2d at 843; *see also In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004, orig. proceeding) ("Mandamus is proper when the trial court erroneously orders the disclosure of privileged information because the trial court's error cannot be corrected on appeal.")

## ATTORNEY-CLIENT PRIVILEGE

### *Applicability*

Certain confidential communications made for the purpose of facilitating the rendition of professional legal services to the client are privileged. Tex. R. Evid. 503(b)(1). The "subject matter" test[2] deems an employee's communication with the corporation's attorney

---

[2] In her response, Jennings erroneously applies the "control group test" to this case and argues that, because she is not an upper echelon employee who could act on her own authority to hire counsel and act on the

privileged if two conditions are satisfied. First, that the communication is made at the direction of her superiors in the corporation. Second, where the subject matter upon which the attorney's advice is sought by the corporation and dealt with in the communication is the performance by the employee of the employee's duties of her employment. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d at 225, n. 3.

The party seeking to limit discovery by asserting a privilege has the burden of proof. *Id.* at 223. To meet its burden, the party seeking to assert a privilege must make a prima facie showing of the applicability of the privilege and produce evidence to support the privilege. *See In re Valero Energy Corp.*, 973 S.W.2d 453, 457–58 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding). The prima facie standard requires only the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *In re E.I. DuPont De Nemours & Co.*, 136 S.W.3d at 223 (quoting *Tex. Tech Univ. Health Scis. Ctr. v. Apodaca,* 876 S.W.2d 402, 407 (Tex. App. —El Paso 1994, writ denied)). An affidavit has been held to be sufficient to make a prima facie showing of attorney-client privilege. *See In re Valero Energy Corp.*, 973 S.W.2d at 457-58.

*Stith's Affidavit*

Attached to Waste Management's motion for protection is Stith's affidavit sworn to on April 19, 2012. Stith averred that in April 2007, a Waste Management employee, Tamara Shackleford, reported Gregory Armstrong, a colleague, had made comments that he would "shoot up the place" or "blow up the place" if Waste Management terminated him. Waste Management has an anti-violence policy which requires employees to report such threats of violence. Based on Shackleford's report, Waste Management began an investigation.

Waste Management requires all employees, as a condition of their employment, to fully cooperate in any investigation of a violation of their anti-violence policy. According to Stith, as part of the investigation, she met with Jennings and Jennings reported Armstrong had made

---

advice of counsel to bind the corporation, no attorney-client privilege exists. The subject matter test for the privilege of an entity has replaced the control group test. *See* Tex. R. Evid. 503(a)(2); *See In re E.I. DuPont De Nemours & Co.,* 136 S.W.3d at 225 n. 3.

similar statements to her as those reported by Shackleford. Armstrong was terminated and subsequently filed suit against Waste Management. Waste Management retained outside counsel, Clark, to defend his claims.

Stith testified that, in the summer of 2012, Armstrong requested Waste Management to present Jennings for her deposition and sent a notice to Clark. Clark requested to meet with Jennings in advance of her deposition and Waste Management arranged a meeting on July 14, 2012. Waste Management took steps to ensure the conversations that occurred during this meeting remained confidential, including not having third parties present and requesting that Jennings keep the conversation confidential.

After the meeting, Clark provided Waste Management with legal advice regarding Armstrong's claims and defenses. Clark's legal advice was based on the confidential communications from her meeting with Jennings. Waste Management relied upon Clark's analysis of her meeting with Jennings and the statements Jennings made in that meeting to analyze and evaluate its case.

## *Jennings' Affidavit*

In response to Waste Management's motion for protection, Jennings filed an affidavit. In her affidavit, Jennings states that she met with Stith one time, on April 24, 2007. She also states that she met with Clark on July 14, 2010 to prepare for a deposition in the *Armstrong* case. Because the meeting with Clark is the subject of the motion for protections, we do not reveal that information here. Jennings states that she told the truth in her deposition.

## *Analysis*

The attorney-client privilege allows "'unrestrained communication and contact between an attorney and client in all matters in which the attorney's professional advice or services are sought, without fear that these confidential communications will be disclosed by the attorney, voluntarily or involuntarily, in any legal proceeding.'" *Huie v. DeShazo,* 922 S.W.2d 920, 922 (Tex. 1996) (quoting *West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978)). The

5

attorney-client privilege attaches to a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client between a representative of the client and the client's lawyer or a representative of the lawyer. *See* Tex. R. Evid. 503(b)(1). A "representative of the client" may be any person "who, for the purpose of effectuating legal representation for the client, makes or receives a confidential communication while acting in the scope of employment for the client." *See* Tex. R. Evid. 503(a)(2)(B). Jennings failed to dispute that Waste Management requires all employees, as a condition of their employment, to fully cooperate in any investigation of a violation of their anti-violence policy. The evidence shows that the subject matter upon which Clark's advice was sought and dealt with was the investigation into Armstrong's threats and that the subject matter of the communication was the performance by Jennings of the duties of her employment. *See In re E.I. DuPont De Nemours & Co.*, 136 S.W.3d at 225 n. 3. Waste Management made a prima facie showing that Jennings's communication with Clark was confidential, was made for the purpose of facilitating the rendition of legal services to Waste Management, and was between a representative of Waste Management and Waste Management's lawyer. Jennings, in her response did not produce any evidence controverting any of these points. We therefore conclude that the trial court abused its discretion to the extent it determined that Waste Management failed to prove that the attorney-client privilege applies to the July 14, 2010 conversation between Jennings and Clark. *See id*; *In re Valero Energy Corp.*, 973 S.W.2d at 457–58.

## CRIME/FRAUD EXCEPTION

In addition to arguing that Waste Management failed to prove that the attorney-client privilege applies to the July 14, 2010 conversation, Jennings asserts that the crime/fraud exception applies.[3] *See* Tex. R. Evid. 503(d). Under this exception, there is no attorney-client privilege "[i]f the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud." Tex. R. Evid. 503(d). The party seeking discovery of an otherwise

---

[3] This is the only exception to the attorney-client privilege that Jennings has asserted.

privileged communication bears the burden of proving this exception. *See Arkla, Inc. v. Harris*, 846 S.W.2d 623, 629-30 (Tex. App.—Houston [14th Dist.] 1993, orig, proceeding); *Volcanic Gardens Mgmt. Co. v. Paxson,* 847 S.W.2d 343, 347 (Tex. App.—El Paso 1993, orig. proceeding).   A party who asserts the crime/fraud exception must show: (1) a prima facie case of the contemplated crime or fraud; and (2) a nexus between the communications at issue and the crime or fraud.  *Granada Corp. v. Hon. First Court of Appeals*, 844 S.W.2d 223, 227 (Tex. 1992); *Arkla, Inc.*, 846 S.W.2d at 629-30.   Mere allegations of fraud are insufficient. *In re Seigel,* 198 S.W.3d 21, 29 (Tex. App. —El Paso 2006, orig. proceeding); *Arkla, Inc.*, 846 S.W.2d at 629–30.   The crime/fraud exception applies only when communications at issue or the legal services were sought or obtained in order to aid a person to commit or plan to commit a crime or fraud.  *In re AEP Tex. Cent. Co.,* 128 S.W.3d 687, 692 (Tex. App. -- San Antonio 2003, orig. proceeding); *Arkla, Inc.*, 846 S.W.2d at 630.

Jennings does not allege fraud; rather she alleges the crime of suborning perjury.   "To suborn perjury, a party, acting with the intent to promote or assist a witness in committing perjury, must solicit, encourage, direct, aid, or attempt to aid the witness to commit perjury. *See Hardy v. State,* 246 S.W.3d 290, 296 (Tex. App. —Houston [14th Dist.] 2008, pet. ref'd); *see also* Tex. Pen. Code § 37.02(a)(1) and § 7.02(a)(2); *Rodriguez v. MumboJumbo, L.L.C.*, 347 S.W.3d 924, 927 (Tex. App. —Dallas 2011, no pet.).   Jennings' version of her conversation with Clark, recounted in her affidavit,[4] describes how she felt but fails to establish any acts by Clark that rise to the level of suborning perjury.   Because the record does not establish a prima facie case of the alleged crime, we conclude the trial court abused its discretion to the extent it concluded that Jennings established the crime-fraud exception.  *See In re Monsanto Co.*, 998 S.W.2d 917, 934 (Tex. App.— Waco 1999, orig. proceeding); *Arkla, Inc.*, 846 S.W.2d at 629–30.

---

[4] As previously mentioned, Jennings's conversation is the subject of the motion to protect so we do not set forth the contents of her affidavit.

CONCLUSION

For these reasons, we conditionally grant the petition for a writ of mandamus and direct the trial court to vacate her ruling denying relator's motion for protection of the July 14, 2010 conversation between Jennings and Clark and enter an order granting the motion. The writ will issue only if the trial court fails to act in accordance with this opinion.

/s/     Martha Hill Jamison
            Justice

Panel consists of Justices Frost, Christopher and Jamison.