**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 4, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-01149-CV

## IN RE RODOLFO REGOJO AND LORRAINE MANON, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Court at Law No. 1**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-CCV-049530**

## MEMORANDUM OPINION

On December 31, 2013, relators Rodolfo Regojo and Lorraine Manon filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable Larry D. Wagenbach, sitting by assignment as judge of the County Court at Law No. 1 of Fort Bend County, to vacate an order allegedly overruling

relators' amended plea in abatement, in which relators asserted the trial court lacks subject matter jurisdiction over the underlying litigation.

Relators state in their petition that the trial court held a hearing on their plea on December 3, 2013, and that the court overruled the plea at the hearing. Relators, however, have not included in their appendix a written order overruling their plea or that portion of the reporter's record containing an oral ruling by the trial court on their plea. Generally, the record in a mandamus petition must contain either a written order from the trial court or a reporter's record demonstrating an oral ruling by the trial court. *See In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *see also* Tex. R. App. P. 52.3(k)(1)(A); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record.").

Even were this Court to overlook relators' failure to provide a sufficient record, relators bear the burden of demonstrating that they are entitled to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding). Generally, mandamus relief is appropriate only when the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). "A trial court abuses its discretion if it clearly fails to analyze the law correctly or apply the law correctly to the facts." *In re USA Waste Mgmt. Res., L.L.C.*, 387 S.W.3d 92, 96 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding).

Notwithstanding the insufficient record, we could not conclude that relators have met their burden to demonstrate a clear abuse of discretion by the trial court.

Accordingly, we deny relators' petition for writ of mandamus.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Busby and Donovan.