ACCEPTED
03-15-00093-CV
6701214
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/28/2015 1:25:02 PM
JEFFREY D. KYLE
CLERK

# No. 03-15-00093-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

8/28/2015 1:25:02 PM

JEFFREY D. KYLE
Clerk

In the Court of Appeals for the
Third District of Texas at Austin

CITY OF HOUSTON,

*Appellant*

v.

KEN PAXTON, ATTORNEY GENERAL OF TEXAS,

*Appellee*

On Appeal from the 250th Judicial District Court
Travis County, Texas
Trial Court Case No. D-1-GV-14-000227

## Appellant's Reply Brief

Donna L. Edmundson
City Attorney

Judith L. Ramsey
Chief, General Litigation Section

Mary E. ("Mary Beth") Stevenson
Assistant City Attorney
SBN: 24072366
CITY OF HOUSTON LEGAL
DEPARTMENT
900 Bagby, Fourth Floor
Houston, Texas  77002
832.393.6491 (Telephone)
832.393.6259 (Facsimile)
marybeth.stevenson@houstontx.gov

*Attorneys for Appellant*

*Oral Argument Requested*

# Table of Contents

**Page**

Index of Authorities ...................................................................... iii

Summary of Argument in Reply .................................................. 1

Argument and Authorities ............................................................ 2

I.  The client is the City, and the City may assert the attorney-client privilege for statements made by its employees to City lawyers taken in the course of an internal investigation and made part of its investigative report. .............................. 2

II. The Attorney General concedes that the entire investigative report is excepted from disclosure, and nonetheless still demands that exact copies of a portion of that report be disclosed. ........................... 3

III. There is no merit to the Attorney General's contention that applying *Harlandale* to the witness statements in this case would enable a governmental body to circumvent the PIA. ........................... 5

Conclusion and Prayer ................................................................. 6

Certificate of Compliance ............................................................ 7

Certificate of Service .................................................................. 8

# Index of Authorities

**Page(s)**

## Cases

*Harlandale Indep. Sch. Dist. v. Cornyn*,
25 S.W.3d 328 (Tex. App.—Austin 2000, pet. denied) ......................passim

*In re USA Waste Mgmt. Res., L.L.C.*,
387 S.W.3d 92 (Tex App.—Houston [14th Dist.] 2012, orig.
proceeding) ................................................................................ 2-3

*Upjohn Co. v. United States*,
449 U.S. 383, 101 S. Ct. 677 (1981) .............................................2, 4, 5, 6

## Other Authorities

Texas Disciplinary Rule of Professional Conduct 1.12 .................................... 4

## Summary of Argument in Reply

The City does not ask this Court to construe the attorney client privilege expansively but instead to apply it consistently with its own precedent. While the Attorney General acknowledges that the witness statements were part of the City's investigative report, and that, as attached to the report, those statements are protected from disclosure under *Harlandale Independent School District v. Cornyn*, 25 S.W.3d 328 (Tex. App.—Austin 2000, pet. denied), the Attorney General then argues that any other copies of those statements must be disclosed. This makes no sense. If the investigative report is privileged, so are its component parts, according to *Harlandale*.

Second, there is no merit to the Attorney General's argument, contrary to this Court's holding in *Harlandale*, that a government body could circumvent the PIA by merely attaching unrelated documents to an investigative report and thereby shield those documents from disclosure. No party argues that unrelated documents appended to an investigative report should be protected. That argument loses force where, as here, the documents indisputably relate to the City's internal investigation. The Attorney General's parade of horribles is based on a straw man argument, not on the facts of this case.

The information at issue here—witness statements from interviews conducted in the course of the internal investigation to which the investigative

report directly pertains—were properly attached to and incorporated into the investigative report compiled by City attorneys to render legal advice to the City; those statements are therefore protected by the attorney-client privilege.

## Argument and Authorities

**I.**     **The client is the City, and the City may assert the attorney-client privilege for statements made by its employees to City lawyers taken in the course of an internal investigation and made part of its investigative report.**

The client is the City, and the City's attorneys in the OIG are lawyers for the City. CR.14-18, 19. The internal investigation in this case was conducted at the behest of the City, and City policy dictates that City employees are expected to cooperate with any OIG investigation. CR.16 (Section 5.7.3).

Like the attorney in *Harlandale*, the City's lawyers at OIG compiled a report after conducting interviews with several employees, and the "Information at Issue" in this case was attached to and used in that report. 25 S.W.3d at 330; CR.22, IAI at AG Jenkins(Brooks)00008-14, 00024-28. Like the in-house attorneys in *Upjohn* and *Waste Management*, the information gleaned from the internal investigation here enabled OIG attorneys Sandra W. Robinson and Inspector General Robin Curtis to render legal advice regarding personnel issues and departmental guidance. CR.14-16, 19; *see Upjohn Co. v. United States*, 449 U.S. 383, 394, 101 S. Ct. 677 (1981); *In re USA Waste Mgmt.*

*Res., L.L.C.*, 387 S.W.3d 92, 97-98 (Tex App.—Houston [14th Dist.] 2012, orig. proceeding).

**II.     The Attorney General concedes that the entire investigative report is excepted from disclosure, and nonetheless still demands that exact copies of a portion of that report be disclosed.**

In its Opinion Letter, the Attorney General agreed with the City concerning *most* of the information that the City sought to withhold. CR.27 ("[W]e find that you have established most of the submitted information is protected by attorney-client privilege." (citing *Harlandale*, 25 S.W.3d 328)). Indeed, the Attorney General states on appeal that he "agrees the entirety of the report would be excepted from disclosure if requested under the PIA, in accordance with *Harlandale*." Brief at 20. He then goes on to explain that, because the Requestor sought the entire report *and* requested the statements of witnesses, her request is different from the request in *Harlandale*. Brief at 20.

The Attorney General attempts to create a distinction where none exists. If the entire report is not subject to disclosure, as the Attorney General recognizes, then neither are copies of the report's component parts. *See Harlandale*, 25 S.W.3d at 335 (When an attorney conducts an investigation in her capacity as an attorney for the purpose of providing legal services and advice to a client, an attorney's entire investigative report comes under the

3

attorney-client privilege); *accord Upjohn*, 449 U.S. at 395 (interviews and questionnaires circulated by general counsel to employees were protected by privilege). In *Harlandale*, this Court has already rejected the Attorney General's piecemeal approach to an investigative report. 25 S.W.3d at 335.

And, contrary to the Attorney General's contentions, *Harlandale* did not separately consider whether each and every exhibit was eligible for being protected by the attorney-client privilege; the entire report, including its component parts, were found to be protected from disclosure as privileged because they were part of the investigative report. *Id.*

The report—with its component parts—was confidential attorney-client communication from City lawyers to the City. *See, e.g.*, Texas Disciplinary Rule of Professional Conduct 1.12, cmt. 3 (providing that interviews between a lawyer and an employee made in the course of an internal investigation are confidential and may not be disclosed to other employees unless permitted by the organization); IAI at AG Jenkins(Brooks)00008, 00024 (indicating the confidential nature of the communication). There is no basis for the Attorney General to find that copies of component parts of the report should be subject to disclosure while also conceding that the entire investigative file is protected from disclosure.

**III.** **There is no merit to the Attorney General's contention that applying *Harlandale* to the witness statements in this case would enable a governmental body to circumvent the PIA.**

The Attorney General raises the specter that a governmental body may circumvent the PIA by attaching any documents to an investigative report. Brief at 23. Yet no one contends that the statements at issue were not an integral part of, and directly related to, the internal investigation or that they were improperly attached to the investigative report. The Attorney General's argument is based on speculation and not on the facts of this case.

Additionally, the Attorney General does not contest that the very information the Requestor seeks is available to the Requestor through doing her own legal and investigative work by interviewing the witnesses herself. *See Harlandale*, 25 S.W.3d at 335 (stating that "[i]n weighing these competing concerns [between the PIA and attorney-client privilege], we need not surrender the *fundamental protections afforded by the privilege* to uphold the interests of the Act" and holding in favor of the privilege because requestor could obtain information from the same sources) (emphasis added); *accord Upjohn*, 449 U.S. at 396 ("considerations of convenience do not overcome the policies served by the attorney-client privilege"). Indeed, Jenkins' letter request indicates that she was already aware of the identities of some, if not all, of the

witnesses who could supply her with the factual information about the alleged wrongdoing in the affected City department. CR.12.

In sum, the interviewees whose statements are at issue gave those statements in cooperation with the OIG pursuant to City policy and at the City's behest. IAI at AG Jenkins(Brooks)00008-14, 00024-28; CR.14-16. The information is confidential attorney-client information where, as here, it is 1) an integral part of an internal City investigation, 2) conducted by attorneys on behalf of their client (here, the City), 3) for the express purpose of rendering legal advice to the client based on the results of the investigation. This is core attorney conduct and core communication for which a client rightly expects confidentiality. *See Harlandale*, 25 S.W.3d at 334-35; *Upjohn*, 449 U.S. at 394.

## Conclusion and Prayer

For the foregoing reasons, the City respectfully asks the Court to: 1) reverse the judgment of the trial court; 2) render judgment for the City that the remaining "information at issue," IAI at AG Jenkins(Brooks)00008-14, 00024-28, is protected from disclosure by the attorney-client privilege; 3) grant the City its costs and expenses; and 4) grant the City any other relief to which it is entitled.

Respectfully submitted,

DONNA L. EDMUNDSON
City Attorney
JUDITH L. RAMSEY
Chief, General Litigation Section


By:   _/s/ Mary Beth Stevenson_____
    Mary E. (Mary Beth) Stevenson
    Assistant City Attorney
    SBN:  24072366
    CITY OF HOUSTON LEGAL
    DEPARTMENT
    900 Bagby, 4th Floor
    Houston, Texas 77002
    832.393.6491 (Telephone)
    832.393.6259 (Facsimile)
    marybeth.stevenson@houstontx.gov

*Attorneys for Appellant*


## Certificate of Compliance

I certify that the foregoing was prepared in Microsoft Word 2010 Version 14.0 in Calisto MT 14 point font; the word-count function shows that, excluding those sections exempted under TRAP 9.4(i)(1), the brief contains 1,294 words.

_/s/ Mary Beth Stevenson_____
Mary E. (Mary Beth) Stevenson

## Certificate of Service

I hereby certify that on this 28th day of August, 2015, a true and correct copy of the foregoing has been served on counsel below via e-service.

Matthew R. Entsminger
Assistant Attorney General
Open Records Litigation
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
matthew.entsminger@texasattorneygeneral.gov

*Attorney for Appellee*

*/s/ Mary Beth Stevenson*
Mary E. ("Mary Beth") Stevenson