ACCEPTED
01-15-00918-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/27/2015 4:57:39 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-15-_____-CV

### IN THE COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/27/2015 4:57:39 PM
CHRISTOPHER A. PRINE
Clerk

### FOR THE FIRST DISTRICT OF TEXAS

### AT HOUSTON

*In re:*

## *UNION PACIFIC RAILROAD COMPANY,*

## *Relator.*

### EMERGENCY MOTION FOR STAY
### DURING PENDENCY OF MANDAMUS
*(Seeking Relief by 11:00 a.m. on Wednesday, October 28)*

HAYNES AND BOONE, LLP

**Kent Rutter**
**State Bar No. 00797364**
**Christina Crozier**
**State Bar No. 24050466**
**Andrew Guthrie**
**State Bar No. 24078606**
**1221 McKinney, Suite 2100**
**Houston, Texas 77010-2007**
**Telephone: (713) 547-2000**
**Telecopier: (713) 547-2600**
*Kent.Rutter@haynesboone.com*
*Christina.Crozier@haynesboone.com*
*Andrew.Guthrie@haynesboone.com*

KANE RUSSELL COLEMAN & LOGAN PC

**Marcy Lynn Rothman**
**State Bar No. 17318500**
**M. Daniel Guerra**
**State Bar No. 00793865**
**5051 Westheimer Road, 10th Floor**
**Houston, Texas 77056**
**Telephone: (713) 425-7444**
**Telecopier: (713) 425-7700**
*MRothman@krcl.com*
*DGuerra@krcl.com*

*ATTORNEYS FOR RELATOR, UNION PACIFIC RAILROAD COMPANY*

TO THE HONORABLE COURT OF APPEALS:

Contemporaneously with this motion, Relator Union Pacific Railroad Company ("Union Pacific") is filing a Petition for Writ of Mandamus. Union Pacific seeks relief from the trial court's order compelling the **"immediate"** production of attorney-client communications. (*See* MR:264-65; App. A.[1]) Accordingly, pursuant to Texas Rule of Appellate Procedure 52.10, Union Pacific files this emergency motion and asks this Court to stay the trial court's order while its Petition for Writ of Mandamus is pending before this Court.

Union Pacific respectfully requests relief on this motion no later **11:00 a.m. on Wednesday, October 28** because the order requires **"immediate"** compliance and because Defendant Jeremy Hampton is set to be deposed two hours later, at 1:00 p.m. on October 28. Union Pacific has attempted to obtain the Trichels' consent to a short stay while this Court considers this motion, but the Trichels did not respond. (App. C.)

---

[1]  Union Pacific learned of the trial court's ruling during a phone call with the clerk around lunchtime on October 27, 2015. (MR:264.) The call ended with instructions that the Trichels submit a proposed order, which is attached as Appendix Tab A. (MR.265.) Union Pacific will file a supplement to the Mandamus Record as soon as it receives the signed order, but files this motion and petition now given the Court's order for immediate production.

## BACKGROUND

### I. The underlying case arises from a vehicular accident.

The underlying case arises out of a collision that occurred on April 15, 2014, between a Ford Mustang driven by Nicholas Trichel and a tractor-trailer rig leased by Union Pacific and driven by Jeremy Ray Hampton. (MR:1-2.[2]) Trichel suffered significant injuries in the accident. (MR:2.) Nicholas Trichel's parents, Donald and Mary Trichel, filed the underlying lawsuit, alleging that Hampton and Union Pacific were negligent, grossly negligent, and negligent *per se*. (MR:1, 3-4.)

### II. Union Pacific immediately engaged outside counsel to conduct interviews and provide legal advice about possible litigation.

On the day of the accident, Union Pacific engaged Marcy Rothman of the law firm Kane Russell Coleman & Logan PC to provide legal advice in connection with the accident. (MR:120.) Given the nature of the incident, Union Pacific already anticipated a possible lawsuit. (MR:108, 115-16.)[3] In fact, two of its employees—Hampton and James Wilson (who was driving along in another tractor-trailer)—had either been issued citations at the scene or read their *Miranda* rights by Corporal James Talbert. (MR:108, 120.) Rothman was therefore engaged

---

[2]   Union Pacific will cite to the Appendix as (App. [Tab #]) and the Mandamus Record as (MR:[page]).

[3]   This belief was confirmed when Union Pacific received a letter—dated two days after the accident—in which the Trichels noted their intent to pursue litigation. (MR:113.)

by Union Pacific to provide legal advice for issues arising out of the accident, including possible criminal charges. (MR:120.)

Two days later, Rothman met with Hampton and Wilson to discuss the accident so that she could better understand their impressions of how it occurred. (MR:115-16, 120.) Rothman was joined by William J. Green, Director of Claims for Union Pacific, who was assisting in the investigation as a representative of Union Pacific's in-house counsel. (MR:115-16, 120.) Rothman directed Green to take the lead in conducting the interviews, asking Hampton and Wilson to provide their accounts of the events surrounding the accident in her presence so that she could hear their first-hand recollections. (MR:115-16, 120.) Green also tape recorded the interviews. (MR:115.)

Recently, in the course of preparing for his deposition, Green realized that the recorded interviews had never been provided to Rothman, Union Pacific's litigation counsel.[4] (MR:115-16.) He notified Rothman and provided her with a copy of the statements on October 20, 2015. (MR:115-16.) Two days later, out of an abundance of caution and a show of good faith, Rothman voluntarily disclosed the existence of the recorded interviews to counsel for the Trichels, asserted that

---

[4]  Initially, Rothman was engaged to represent Union Pacific and its employees (including Hampton and possibly Wilson) in connection with any possible litigation arising out of the accident. (MR:115, 120.) However, Hampton has since engaged separate counsel and Wilson was not sued; Rothman now represents only Union Pacific.

they were privileged, and produced a supplemental privilege log. (MR:122, 124-27.)

### III. The trial court ruled that the recorded interviews between Union Pacific's employees and its litigation counsel were not privileged and ordered them immediately disclosed.

At a hearing on October 23, 2015, the Trichels demanded that Union Pacific produce the recorded interviews. (MR:264; Supp.MR.[5]) While they argued that the interviews were not protected by the attorney-client privilege, they also lobbed allegations that Union Pacific had intentionally concealed the recordings—despite the fact that Union Pacific *voluntarily* disclosed their existence immediately after the recordings were brought to the attention of its counsel. (Supp.MR; MR:128; *see also* MR:115-16, 124-27.) Union Pacific resisted the demand for production. It argued that the statements are unquestionably privileged as confidential communications between and among Union Pacific employees and its outside litigation counsel that occurred in anticipation of this very litigation. (MR:43.) Moreover, Union Pacific argued that it had no duty to notify the Trichels about the existence of the interviews in the first place, but did so in good faith and out of an abundance of caution. (MR:43.)

---

[5]  The transcript from the October 23, 2015 hearing is not yet available, but Union Pacific intends to file a supplement to the mandamus record as soon as it receives the transcript. For the time being, Union Pacific will reference that transcript as "Supp.MR."

Judge Kyle Carter asked to review a transcript of the recorded interviews *in camera*. (MR:264; Supp.MR) After doing so, and hearing arguments from both sides, the trial court ruled on October 27, 2015 that the statements should be immediately produced. (*See* MR:264-65; App. A.)

Because the recorded interviews are, in fact, privileged, Union Pacific is filing a petition for writ of mandamus with this Court to correct this abuse of discretion. Union Pacific previously requested a stay of the trial court's ruling for seven days so that it could pursue mandamus relief with this Court, but the trial court did not grant that request. (MR:49, 264-65; *see* App. A.) He ordered Union Pacific to produce the statements "immediately." (MR:264-65; App. A.) Union Pacific therefore files this emergency motion, asking this Court to stay the trial court's ruling to prevent the production of these privileged recordings and transcripts before this Court is able to consider the mandamus petition.

## ARGUMENT AND AUTHORITIES

**A.** **The trial court abused its discretion by ordering the immediate production of the recorded interviews, which are protected by the attorney-client privilege.**

Put simply, the recorded interviews are protected by the attorney-client privilege and the trial court had no basis to conclude otherwise. Texas Rule of Evidence 503 defines the scope of the attorney-client privilege. Under that rule, a client has the right to protect from disclosure "confidential communications made

for the purposes of facilitating the rendition of professional legal services," including communications: (i) between a representative of the client and the client's lawyer; and (ii) between representatives of the client. *See* TEX. R. EVID. 503(b)(1)(A), (D). The recorded interviews with Hampton and Wilson are therefore privileged because they involved confidential communications between Union Pacific's lawyer (Rothman) and its representatives (Green, Hampton, and Wilson).

Rule 503 defines a "representative of the client" in two different ways, both of which apply in this case. *See* TEX. R. EVID. 503(a)(2). Green qualified as a representative under Subsection 2(A), which includes any "person having authority to obtain professional legal services, or to act on advice thereby rendered, on behalf of the client." TEX. R. EVID. 503(a)(2)(A). Hampton and Wilson qualified as representatives under Subsection 2(B), which includes "any other person who, for the purpose of effectuating legal representation for the client, makes or receives a confidential communication while acting in the scope of employment for the client." TEX. R. EVID. 503(a)(2)(B). Because Hampton and Wilson were providing information about the performance of their job duties to their employer's counsel—for the purposes of facilitating her legal advice to the company—they were Union Pacific's "representatives" for purposes of the interview. *See In re USA Waste Mgmt. Res., LLC*, 387 S.W.3d 92, 96 (Tex. App.—Houston [14th Dist.]

2012, orig. proceeding). Therefore, the recorded conversations are privileged under Rules 503(b)(1)(A)—communications between a representative of the client and the client's lawyer—and 503(b)(1)(D)—communications between representatives of the client.

The Trichels' strained arguments to overcome that privilege all fail. *First*, that the interviews may be described as "witness statements" changes nothing because such statements are subject to the same rules of privilege as any other document. TEX. R. CIV. P. 192.3, cmt. 9. *Second*, it makes no difference that the interviews largely consisted of the recitation of factual information—if a confidential communication is made for the purposes of legal advice, it is privileged even if it does not involve explicit legal advice. *See In re Park Cities Bank*, 409 S.W.3d 859, 868 (Tex. App.—Tyler 2013, orig. proceeding). *Third*, the crime-fraud exception does not apply because the Trichels have no evidence—or allegations, for that matter—that Rothman's services were sought for the purposes of enabling a crime or fraud (and there was no fraud in the first place). TEX. R. EVID. 503(d)(1); *In re AEP Tex. Central Co.*, 128 S.W.3d 687, 692 (Tex. App.—San Antonio 2003, orig. proceeding). *Finally*, Union Pacific did not waive the privilege by disclosing the existence of the recorded interviews when it did because Union Pacific had no obligation to tell the Trichels about the recordings at any point. TEX. R. CIV. P. 193.3(c).

- 7 -

In short, the recorded interviews are protected by the attorney-client privilege and the trial court abused its discretion in ordering their immediate disclosure.

**B.     A stay of the trial court's order is necessary to preserve the privilege while the mandamus is pending.**

Union Pacific's Petition for Writ of Mandamus concerns a proper and well-accepted ground for mandamus relief, one that leaves it with no adequate remedy on appeal. Once a party has erroneously been required to produce privileged information, the bell cannot be unrung. *See Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (acknowledging that after privileged documents have "been inspected, examined and reproduced . . . a holding that the court had erroneously issued the order [compelling production] would be of small comfort to relators in protecting their papers").

For this reason, the Texas Supreme Court has repeatedly held that "appeal is inadequate when a trial court erroneously orders the production of confidential information or privileged documents." *In re Ford Motor Co.*, 211 S.W.3d 295, 298 (Tex. 2006) (orig. proceeding) (citing *In re the University of Tex. Health Ctr.*, 33 S.W.3d 822, 827 (Tex. 2001)); *see also In re Matthew Arden*, 2004 WL 576064 at *4 (Tex. App.—El Paso 2004, orig. proceeding) (appeal is not adequate where the trial court has erroneously ordered the disclosure of privileged information because "an appellate court would be unable to cure such error").

For the same reasons, this Court should stay the trial court's order requiring immediate disclosure of the recorded statements so that this Court can properly consider the mandamus petition. (MR:264-65; App. A.) The Texas Rules of Appellate Procedure specifically authorize "a motion to stay any underlying proceedings or for any other temporary relief pending the court's action on the [mandamus] petition." TEX. R. APP. P. 52.10(a). Such orders serve the purpose of protecting the appellate court's jurisdiction so that it can consider the merits of the mandamus action. *See, e.g.*, *In re Reed*, 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995, orig. proceeding) (per curiam).

There is perhaps no area where this rule is more necessary than with an erroneous order to immediately disclose privileged materials. As noted above, if Union Pacific is forced to disclose the recorded interviews "immediately," the privilege over those communications will forever be lost. *Walker*, 827 S.W.2d at 843; *Arden*, 2004 WL 576064, at *4. Therefore, the only way that mandamus provides a meaningful remedy is if this Court prevents the disclosure of the privileged communications for at least as long as it takes to resolve the mandamus petition. *See, e.g.*, *In re Kelleher*, 999 S.W.2d 51, 52 (Tex. App.—Amarillo 1999, orig. proceeding) (stay is appropriate to afford the appellate court "the opportunity to address the dispute encompassed within a petition for mandamus (for instance) by maintaining the status quo until it can address that dispute").

**CONCLUSION AND PRAYER**

Accordingly, to give this Court the opportunity to review Union Pacific's Petition for Writ of Mandamus before it is forced to *immediately* produce the privileged communications, Union Pacific respectfully requests that this Court: (1) stay the trial court's order requiring the production of the recorded interviews, and (2) order any and all further relief to which Union Pacific may be entitled.

Respectfully submitted,

HAYNES AND BOONE, LLP

 */s/ Kent Rutter*

Kent Rutter
State Bar No. 00797364
Christina Crozier
State Bar No. 24050466
Andrew Guthrie
State Bar No. 24078606
1221 McKinney, Suite 2100
Houston, Texas 77010-2007
Telephone: (713) 547-2000
Telecopier: (713) 547-2600
*Kent.Rutter@haynesboone.com*
*Christina.Crozier@haynesboone.com*
*Andrew.Guthrie@haynesboone.com*

KANE RUSSELL COLEMAN & LOGAN PC

Marcy Lynn Rothman
State Bar No. 17318500
M. Daniel Guerra
State Bar No. 00793865
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: (713) 425-7444
Telecopier: (713) 425-7700
*MRothman@krcl.com*
*DGuerra@krcl.com*

ATTORNEYS FOR RELATOR,
UNION PACIFIC RAILROAD COMPANY

# VERIFICATION

STATE OF TEXAS          §
                                  §

COUNTY OF HARRIS     §

        BEFORE ME, the undersigned Notary Public, on this day personally appeared Marcy Lynn Rothman, who, being by me duly sworn on her oath, deposed and said that she is an attorney for Relator, Union Pacific Railroad Company; that she has read the foregoing Emergency Motion for Stay During Pendency of Mandamus; that the factual statements contained therein, not independently proved or verified through the mandamus record, are true and correct; and that the documents included in the Appendix to this Emergency Motion for Stay During Pendency of Mandamus are true and correct copies of the originals.

_____
Marcy Lynn Rothman

        SUBSCRIBED AND SWORN TO BEFORE ME, this 27th day of October, 2015.

DEBBIE SHAREE WILSON
Notary Public
STATE OF TEXAS
My Comm Exp April 01 2019

_____
Notary Public in and for
the State of Texas

- 12 -

## CERTIFICATE OF CONFERENCE

I certify that counsel for Union Pacific made a reasonable attempt to confer with Vuk Vujasinovic, counsel for the Trichels, concerning this request. However, Union Pacific had not received a response at the time of this filing. Counsel for Union Pacific also conferred with Wilson Aurbach, counsel for Hampton, concerning this request. Mr. Aurbach does not oppose the relief requested.

*/s/ Kent Rutter*
Kent Rutter

# CERTIFICATE OF SERVICE

In accordance with the Texas Rules of Appellate Procedure, the undersigned hereby certifies that a true and correct copy of this emergency motion has been served on Respondent and the following counsel of record via e-service on this 27th day of October, 2015:

***Respondent:***

Honorable Kyle Carter
125th District Court
201 Caroline, 10th Floor
Houston, Texas 77002

***Counsel for Real Parties in Interest, Donald and Mary Trichel, Individually and as Next Friends of Nicholas Trichel:***

Vuk S. Vujasinovic
Brian Beckcom
VB ATTORNEYS, PLLC
6363 Woodway, Suite 400
Houston, Texas 77057

Dale Jefferson
Levon Hovnatanian
MARTIN, DISIERE, JEFFERSON & WISDOM
Niels Esperson Building
808 Travis, 20th Floor
Houston, Texas 77002

***Counsel for Real Party in Interest Jeremy Ray Hampton:***

Adolfo R. Rodriguez, Jr.
Wilson C. Aurbach
Christopher K. Rusek
RODRIGUEZ LAW FIRM, P.C.
1700 Pacific Ave., Suite 3850
Dallas, Texas 75201

*/s/ Kent Rutter*
Kent Rutter

# APPENDIX

Tab A     —     October 27, 2015 letter from Kenneth Fenelon, counsel for the Trichels, attaching proposed order

Tab B     —     Texas Rule of Evidence 503

Tab C     —     October 27, 2015 email from Marcy Lynn Rothman, counsel for Union Pacific requesting for the Trichels' consent to a short stay

# TAB A

October 27, 2015 letter from Kenneth Fenelon,
counsel for the Trichels, attaching proposed order



**Kenneth Fenelon**
ATTORNEY

6363 Woodway Drive
Suite 400
Houston, TX 77057

Tel (713) 224-7800
Fax (713) 224-7801

October 27, 2015

Attn: Bridgett Stanfield
Court Coordinator for the 125th District Court
201 Caroline
Houston, Texas 77002

 Re: Cause No. 2014-23177, Trichel vs. Union Pacific Railroad Company, et al., In the 125th District Court, Harris County, Texas

 Proposed Order

Dear Mrs. Stanfield:

 Please find attached the proposed order requested by the Court earlier today during the conference call set by the Court.

        Sincerely,

        /s/ *Kenneth Fenelon*
        *VB Attorneys*
        *Attorney for Plaintiffs*

*Certificate of Service:* The undersigned authority hereby certifies that a true and correct copy of the foregoing instrument has been electronically served upon all counsel of record via email through the Court's electronic filing system on 27th day of October 2015.

    /s/ *Kenneth Fenelon*

    **Kenneth Fenelon**

Cause No. 2014-23177

| | | |
|---|---|---|
| Donald And Mary Trichel, Individually | § | In The District Court Of |
| And As Next Friends Of Nicholas Trichel | § | |
| | § | |
| Vs. | § | Harris County, Texas |
| | § | |
| Union Pacific Railroad Company and | § | |
| Jeremy Ray Hampton | § | 125th Judicial District |

**Order**

On this day came on for consideration the discoverability of the recorded witness statements of Jeremy Ray Hampton and James Wilson and *Defendant Union Pacific Railroad Company's Brief in Opposition to Production of Employee Statements and Conditional Motion to Stay, The Trichels' Brief in Support of the Discoverability of the Statements of Hampton and Wilson, The Trichels' Supplement to Brief in Support of the Discoverability of the Statements of Hampton and Wilson, and Defendant Jeremy Hamptons Response to Trichels' Supplement to Brief in Support of the Discoverability of the Statements of Hampton and Wilson*, and the Court, having read the briefs of counsel, heard arguments of counsel, and having conducted an *in camera* review of the recorded witness statements, is of the opinion that the witness statements are discoverable and must be produced. All objections and/or privileges raised by Defendants Union Pacific Railroad Company and Jeremy Hampton are overruled and all relief requested by Defendants Union Pacific Railroad Company and Jeremy Hampton is denied.

It is therefore ORDERED that Defendants Union Pacific Railroad Company and Jeremy Hampton produce the actual audio recordings of both statements and a copy of the transcription of both statements immediately.

Signed _____, 2015.

_____
JUDGE PRESIDING

# TAB B

TEX. R. EVID. 503

| Vernon's Texas Rules Annotated |
| --- |
| Texas Rules of Evidence (Refs & Annos) |
| Article V. Privileges (Refs & Annos) |

TX Rules of Evidence, Rule 503

Rule 503. Lawyer-Client Privilege

Currentness

**(a) Definitions.** In this rule:

**(1)** A "client" is a person, public officer, or corporation, association, or other organization or entity--whether public or private--that:

**(A)** is rendered professional legal services by a lawyer; or

**(B)** consults a lawyer with a view to obtaining professional legal services from the lawyer.

**(2)** A "client's representative" is:

**(A)** a person who has authority to obtain professional legal services for the client or to act for the client on the legal advice rendered; or

**(B)** any other person who, to facilitate the rendition of professional legal services to the client, makes or receives a confidential communication while acting in the scope of employment for the client.

**(3)** A "lawyer" is a person authorized, or who the client reasonably believes is authorized, to practice law in any state or nation.

**(4)** A "lawyer's representative" is:

**(A)** one employed by the lawyer to assist in the rendition of professional legal services; or

**(B)** an accountant who is reasonably necessary for the lawyer's rendition of professional legal services.

**(5)** A communication is "confidential" if not intended to be disclosed to third persons other than those:

**(A)** to whom disclosure is made to further the rendition of professional legal services to the client; or

**(B)** reasonably necessary to transmit the communication.

**(b) Rules of Privilege.**

**(1)** *General Rule*. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made to facilitate the rendition of professional legal services to the client:

**(A)** between the client or the client's representative and the client's lawyer or the lawyer's representative;

**(B)** between the client's lawyer and the lawyer's representative;

**(C)** by the client, the client's representative, the client's lawyer, or the lawyer's representative to a lawyer representing another party in a pending action or that lawyer's representative, if the communications concern a matter of common interest in the pending action;

**(D)** between the client's representatives or between the client and the client's representative; or

**(E)** among lawyers and their representatives representing the same client.

**(2)** *Special Rule in a Criminal Case.* In a criminal case, a client has a privilege to prevent a lawyer or lawyer's representative from disclosing any other fact that came to the knowledge of the lawyer or the lawyer's representative by reason of the attorney-client relationship.

**(c) Who May Claim.** The privilege may be claimed by:

**(1)** the client;

**(2)** the client's guardian or conservator;

**(3)** a deceased client's personal representative; or

**(4)** the successor, trustee, or similar representative of a corporation, association, or other organization or entity--whether or not in existence.
The person who was the client's lawyer or the lawyer's representative when the communication was made may claim the privilege on the client's behalf--and is presumed to have authority to do so.

**(d) Exceptions.** This privilege does not apply:

**(1)** *Furtherance of Crime or Fraud.* If the lawyer's services were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud.

**(2)** *Claimants Through Same Deceased Client.* If the communication is relevant to an issue between parties claiming through the same deceased client.

**(3)** *Breach of Duty By a Lawyer or Client.* If the communication is relevant to an issue of breach of duty by a lawyer to the client or by a client to the lawyer.

**(4)** *Document Attested By a Lawyer.* If the communication is relevant to an issue concerning an attested document to which the lawyer is an attesting witness.

**(5)** *Joint Clients.* If the communication:

**(A)** is offered in an action between clients who retained or consulted a lawyer in common;

**(B)** was made by any of the clients to the lawyer; and

**(C)** is relevant to a matter of common interest between the clients.

**Credits**

Eff. March 1, 1998. Amended by orders of Supreme Court March 10, 2015 and Court of Criminal Appeals March 12, 2015, eff. April 1, 2015.

**Editors' Notes**

**NOTES AND COMMENTS**

**Comment to 1998 change:** The addition of subsection (a)(2)(B) adopts a subject matter test for the privilege of an entity, in place of the control group test previously used. See *National Tank Co. v. Brotherton*, 851 S.W.2d 193, 197-198 (Tex. 1993).

Notes of Decisions (424)

Rules of Evid., Rule 503, TX R EVID Rule 503

Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

**End of Document**                                   © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# TAB C

October 27, 2015 email from Marcy Lynn Rothman, counsel for Union Pacific requesting for the Trichels' consent to a short stay

# Meuhlen, Michelle

| | |
|---|---|
| **From:** | Marcy L. Rothman <mrothman@krcl.com> |
| **Sent:** | Tuesday, October 27, 2015 11:56 AM |
| **To:** | Vuk Vujasinovic |
| **Cc:** | Brian Beckcom; Kenneth Fenelon; Rutter, Kent; Daniel Guerra; jr@therodriguezfirm.com; waurbach@therodriguezfirm.com |
| **Subject:** | Trichel/court order to produce the statements of Hampton and Wilson [IWOV-iManage.FID1386185] |

Vuk –

We will be filing a mandamus petition and a motion to stay in the court of appeals as soon as Judge Carter enters his order.  Will you agree to a 24-hour stay of the order, or a stay of a different duration, to give the court of appeals a reasonable opportunity to rule on our stay request?

Thanks.  Marcy



**MARCY L. ROTHMAN**, Attorney at Law
**KANE RUSSELL COLEMAN & LOGAN PC**
5051 Westheimer Road • 10th Floor • Houston, Texas 77056
Telephone (713) 425-7444 • Cell (713) 819-7652 • Facsimile (713) 425-7700
mrothman@krcl.com • www.krcl.com • www.krclblogs.com

The information contained in this transmission is privileged and confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, then you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this transmission in error, then do not read it. Please immediately reply to the sender that you have received this communication in error, and delete it.  Thank you.

---

**From:** Vuk Vujasinovic [mailto:vuk@vbattorneys.com]
**Sent:** Tuesday, October 27, 2015 11:45 AM
**To:** Marcy L. Rothman; Daniel Guerra; jr@therodriguezfirm.com; waurbach@therodriguezfirm.com
**Cc:** Brian Beckcom; Kenneth Fenelon
**Subject:** Court order to produce the statements of Hampton and Wilson

We all just got off the phone with the Court where you were ordered to immediately produce the statements of Hampton and Wilson.  Please immediately email us a copy of the transcripts of both statements, and immediately also provide us a copy of the audio of both statements.

Thank you.
--



**Vuk Stevan Vujasinovic**

Board Certified in Personal Injury Trial Law, Texas Board of Legal Specialization

VB Attorneys Website


Check us out on Facebook


**VB Attorneys**
6363 Woodway, Suite 400
Houston, Texas  77057
(713) 224-7800
(713) 224-7801 - fax
(877) 724-7800 - toll free