

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00265-CV

IN RE THE STATE OF TEXAS, RELATOR

ORIGINAL PROCEEDING

August 10, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

On July 25, 2018, relator Christopher Dennis, District Attorney for the 286th Judicial District of Hockley County, filed a petition for writ of mandamus and prohibition in this Court. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2017); TEX. R. APP. P. 52. By his petition, relator asks this Court to issue a writ of mandamus ordering the Honorable Pat Phelan, presiding judge of the 286th District Court of Hockley County, to withdraw his July 2, 2018 order disqualifying the District Attorney's Office from prosecuting seven causes, and a writ of prohibition preventing the trial court from disqualifying the District Attorney's Office from prosecuting six other causes for which motions to disqualify remain pending. We deny relator's petition.

## Background

The attorney for the real parties in interest, Christina Woods, and relator engaged in an apparently contentious exchange relating to Woods's motion to exclude expert witnesses in an unrelated case in which relator represented the State and Woods represented the defendant. According to relator, on June 4, 2018, he sent Woods a text message withdrawing any existing plea bargain offers on all pending cases for which she was the attorney of record. Woods subsequently filed a motion to disqualify the 286th District Attorney's Office in each of the cases in which the plea offers were withdrawn. Shortly after holding a hearing on Woods's motion to disqualify, respondent issued an order declaring the District Attorney's Office disqualified and appointing a special prosecutor in seven of the cases. Respondent did not rule on the motions to disqualify filed in six other cases. In response, relator filed his petition for writ of mandamus and prohibition.

## Law

Mandamus relief is generally only appropriate when the trial court has clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). "A trial court abuses its discretion if it clearly fails to analyze the law correctly or apply the law correctly to the facts." *In re USA Waste Mgmt. Res., L.L.C.*, 387 S.W.3d 92, 96 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). As the party seeking relief, the relator bears the burden to provide a sufficient record to establish his entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

A writ of prohibition must meet the same standards as a writ of mandamus; prohibition seeks to "prevent the commission of a future act whereas [mandamus] operates to undo or nullify an act already performed . . . ." *In re Medina*, 475 S.W.3d 291, 297 (Tex. Crim. App. 2015) (quoting *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985)). To establish entitlement to relief through a writ of prohibition, an applicant must show that the act he wishes the court to restrict "does not involve a discretionary or judicial decision." *Id.* (quoting *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009)). In addition, an applicant must show that he has no adequate remedy at law. *Id.* The applicant bears the burden to prove that he is entitled to a writ of prohibition. *See In re Thorn*, Nos. 14-14-00190-CR, 14-14-00191-CR, 14-14-00192-CR, 2014 Tex. App. LEXIS 2824, at *3 (Tex. App.—Houston [14th Dist.] Mar. 13, 2014, orig. proceeding) (mem. op., not designated for publication) (per curiam).

Analysis

The Texas Rules of Appellate Procedure set forth the documentation requirements necessary to support an original proceeding. Specifically, relator is required to file an appendix containing "a certified or sworn copy of any order complained of, or any other document showing the matter complained of . . . ." Tex. R. App. P. 52.3(k)(1). Relator must also file a record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," as well as "a properly authenticated transcript of any relevant testimony from any underlying proceeding . . . ." Tex. R. App. P. 52.7(a). Relator must also certify that "every factual statement in the petition is supported by competent evidence included in the appendix or record." Tex. R. App. P. 52.3(j). Relator has failed to comply with these rules.

3

As an initial matter, relator does not include a "certified or sworn copy" of the trial court's order disqualifying the District Attorney's Office in the seven cases. Likewise, none of the other documents included in the appendix to his original petition are certified or sworn copies. From the petition, we can conclude that other relevant information has not been included in the appendix, such as the reporter's record from the hearing on Woods's motion to disqualify. Consequently, relator's petition does not contain certified or sworn documentation necessary to support his request for relief.

To meet his burden, relator attempts to show this Court that the trial court clearly abused its discretion, but he does not provide cognizable evidence to demonstrate how the trial court analyzed the law, what facts were before the court, or how the court applied that law with respect to those facts. As relator acknowledges, a trial court may disqualify a district attorney in cases in which the district attorney has been previously "employed adversely." *See* TEX. CODE CRIM. PROC. ANN. art. 2.01 (West 2005). Moreover, the standard of review for disqualification of the prosecutor by the trial court is abuse of discretion. *Landers v. State*, 256 S.W.3d 295, 303 (Tex. Crim. App. 2008). Consequently, relator would have to prove, with reference to documents in the record, that the trial court clearly abused its discretion in disqualifying the District Attorney's Office in these cases. Without more information about what occurred before the trial court, relator cannot make such a demonstration. Further, even were we to consider the uncertified and unsworn documents appended to relator's petition, there is insufficient information to show that the trial court clearly abused its discretion.

"This court cannot make a sound decision based on an incomplete picture. But that is precisely what relator is asking us to do by [his] failure to provide a sufficient

4

mandamus record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Without a complete picture of what facts were before the trial court and how the court applied the law to those facts in reaching its decision, this Court does not have a basis on which to conclude that the trial court abused its discretion. *See id.* at 813-14 ("[I]n the final analysis, this court cannot and will not find an abuse of discretion on an incomplete record."). It is relator's burden to provide this Court with a sufficient record to establish his right to relief. *See Walker*, 827 S.W.2d at 837. Relator has not satisfied his burden.

## Conclusion

Because relator has not met his burden of proof, we deny his petition for writ of mandamus and prohibition.[1]

Judy C. Parker
Justice

---

[1] We deny real parties in interest's motion to strike the State's petition for writ of mandamus and prohibition. In addition, we deny real parties in interest's motion to supplement the record as moot.