

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00190-CV
_____

IN RE DAVID CURTIS BARCLAY, RELATOR

_____

ORIGINAL PROCEEDING

_____

June 28, 2019

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

On June 3, 2019, relator David Curtis Barclay filed a petition for writ of mandamus in this Court. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2017); TEX. R. APP. P. 52. By his petition, Barclay appears to ask this Court to issue a writ of mandamus ordering the Honorable Douglas Woodburn, presiding judge of the 108th District Court of Potter County, to process and forward Barclay's article 11.07 petition for writ of habeas corpus to the Court of Criminal Appeals.[1] We deny Barclay's petition.

_____

[1] In his mandamus petition, Barclay requests that we order respondent to forward his habeas corpus filings to this Court. However, since we do not possess habeas jurisdiction over final felony convictions brought under article 11.07, we assume that Barclay intends for us to order that his filings be forwarded to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3 (West 2015); *Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985) (only the Court of Criminal Appeals

Mandamus relief is generally only appropriate when the trial court has clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). "A trial court abuses its discretion if it clearly fails to analyze the law correctly or apply the law correctly to the facts." *In re USA Waste Mgmt. Res., L.L.C.*, 387 S.W.3d 92, 96 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). As the party seeking relief, the relator bears the burden to provide a sufficient record to establish his entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

The Texas Rules of Appellate Procedure set forth the documentation requirements necessary to support an original proceeding. Specifically, the relator is required to file an appendix containing "a certified or sworn copy of any order complained of, or any other document showing the matter complained of . . . ." TEX. R. APP. P. 52.3(k)(1). The relator must also file a record containing "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," as well as "a properly authenticated transcript of any relevant testimony from any underlying proceeding . . . ." TEX. R. APP. P. 52.7(a). The relator must also certify that "every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Barclay has wholly failed to comply with these rules here. In fact, Barclay's appendix includes only a handwritten affidavit and a notation to "see Clerk's Record" for the "Notice of Filing from Potter County Clerk." Barclay has not filed a Clerk's Record.

---

possesses authority to grant relief in post-conviction habeas corpus proceedings relating to a final felony conviction).

2

## Conclusion

Because relator has not met the basic requisites to establish his entitlement to mandamus relief, we deny his petition.

Judy C. Parker
Justice